E-FILED
Monday, 08 August, 2011  11:15:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Robert E. Ananias SR

_____

_____

_____

Plaintiff(s)

vs.

Mike Stratton

_____

_____

_____

_____

_____

Defendant(s)

Case No: 11-3274

FILED

AUG 0 8 2011

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-5

I.    PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION (EEOC)

A.   Have you filed a charge before the federal Equal Employment Opportunities Commission (EEOC) relating to this claim of employment discrimination?

(X)  YES

(  )  NO

B.   If your answer is YES, describe the EEOC proceeding:

1.   Parties to the previous EEOC proceeding:

Petitioner (s)   Robert E Ananias SR

_____

_____

Page 2

Respondent (s) *Mike Stratton*

_____

_____

2. Location of EEOC office that handled your charge *440-2010-06564*

*Chicago District office*

3. Docket or case number of your charge: *440-2010-06564*

4. Disposition (what was the final result of your charge): *Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statues*

_____

5. Has EEOC written you a right-to-sue letter (telling you that you have the right to sue in a United States District Court if you are dissatisfied with the disposition of your charge)?

(X) YES

( ) NO

6. Date of filing charge before EEOC: *October 14, 2010*

7. Date of disposition by EEOC: *April 18, 2011*

C. Attach copies of all documents you possess relating to the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

II. <u>PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC</u>

A. Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination?

( ) YES

(X) NO

2

Page 3

    B.  If your answer is YES, describe each legal proceeding:

        1.  Parties to the previous legal proceeding:
            Plaintiff(s) or petitioner(s) _____

_____

_____

            Defendant(s) or respondent(s) _____

_____

_____

        2.  Name of court or agency: _____

_____

_____

        3.  Docket or case number: _____

        4.  Name of the judge or hearing officer: _____

_____

        5.  Disposition (for example: Was the case dismissed?
Who won?  Was there an appeal?  Is the appeal pending
or final? _____

_____

_____

_____

_____

        6.  Date of beginning previous proceeding:_____

        7.  Date of disposition of proceeding:_____

<u>NOTE</u>:  If there was more than one previous legal proceeding, excluding an EEOC proceeding, describe them on separate sheets of paper.  Follow the outline above, label the sheets clearly, and attach them to this pro se complaint.

Page 4

    C.    Have you attached separate sheets regarding previous state, local or federal legal proceedings (other than EEOC)?

        (X)  YES

        ( )  NO


III.    <u>PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION</u>

    A.    Plaintiff(s)

        1.  Your full name  Robert Edward Ananias SR

        2.  Your address  3401 Ridge Ave Lot 76 Springfield IL , 62702

        3.  Names and addresses of other plaintiffs, if any (You should name other plaintiffs only if they were petitioners with you in a previous EEOC proceeding, or else if EEOC began a previous proceeding on behalf of you and them): _____

        _____

        _____

        _____

        (Use a separate sheet if necessary; label it clearly if so)

    B.    Have you attached a separate sheet naming other plaintiffs?

        ( )  YES

        ( )  NO

    C.    Defendant (s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

        1.  Full name (individual or firm): _____

Page 5 _____

2. Business address: _____

_____

3. Job position (if individual) _____

_____

4. Status as an entity (if defendant is a business firm):

( )  Corporation

( )  Partnership

( )  Sole Proprietorship

( )  Other _____

(If you do not know this information, and you cannot find out by reasonable means, ask the defendant for it.  If the defendant will not tell you, leave this section blank.)

5.  Names, business addresses, and job position or entity status of other defendants, if any (you should name additional defendants only if they were named as respondents in a previous EEOC proceeding brought by you or on your behalf): _____

_____

_____

_____

_____
(Use a separate sheet if necessary; label it clearly if so)

D.     Have you attached a separate sheet naming other defendants?

( )  YES

( )  NO

Page 6

IV.   STATEMENT OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

A. Were you:
( ) Not hired?
(X) Discharged?
( ) Suspended?
( ) Demoted?
( ) Denied Promotion?
( ) Denied Wage Increases?
( ) Other (please specify) _____
_____

B.   State here as briefly, concisely and clearly as possible the essential facts of your claim.  Take time to organize your statement; you may use numbered paragraphs if you find it helpful.  Include precisely how each defendant in this action is involved.  Include the names of other persons involved who are not defendants; give dates and place.  Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you.  IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.  IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND.  AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

I did not realize when I signed the withdrawl Request it would relinquish my rights.
When I spoke to Leann in the meeting I thought we were going to just talk about the case. She then laid the paper in front of me and told me I had to sign it. If I didn't sign it she would be introuble and it came from someone higher than her (Rachel). I was upset and angry and did not have my reading glasses.

6

DO NOT FEEL COMPELLED TO USE ALL THE SPACE.

Page 7

V.    <u>RELIEF YOU REQUEST</u>

Check below what you want the court to do for you.  You may make as many checks as you like.

(X) Should you prevail in this lawsuit, award you back pay.

(X) Should you prevail in this lawsuit, reinstate you in
        your old position.

(X) Should you prevail in this lawsuit, award you certain
        costs of suit (but not attorneys fees).

(✓) Other  _Pain & suffering_____

_____

_____

_____

VI.   <u>JURY DEMAND</u>

(X) YES                              (  ) NO

Signed this _July_ day of _30_____, 20_11_.

_____

_Robert Andrios Sr_
(Signature of Plaintiff or Plaintiffs)

ADDRESS: _24 Longbow Ln_
_Springfield Il_
_____ _62704_

PHONE NO.: _217·720-8583_

7

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:   Robert E. Ananias<br>24 Longbow Lane<br>Springfield, IL 62704<br><br>CERTIFIED MAIL  7010 3090 0001 5505 5474 | From:   Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-06564 | Roger V. Chuang,<br>Investigator | (312) 869-8146 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe,
**District Director**

4/18/11
*(Date Mailed)*

Enclosures(s)

cc:   SPRINGFIELD PARK DISTRICT

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2010-06564 |

Illinois Department Of Human Rights and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Robert E. Ananias** | **(217) 787-2343** | **02-22-1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **24 Longbow Lane, Springfield, IL 62704** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **SPRINGFIELD PARK DISTRICT** | **101 - 200** | **(217) 544-1751** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2500 South 11th St,  Springfield, IL 62703** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| | **07-14-2010** |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent in 2002.  My last position was Maintenance Foreman II.  I have been harassed by the Buildings and Grounds Supervisor including but not limited to numerous write-up and suspensions and scrutinizing my work more so than other employees.  I was discharged on July 14, 2010.

I believe that I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC

OCT 1 4 2010

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Oct 14, 2010**  *Date*      *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Chicago District Office

500 West Madison St., Suite 2000
Chicago, IL 60661
PH: (312) 869-8010
TTY: (312) 869-800
ENFORCEMENT FAX: (312) 869-8220
LEGAL FAX: (312) 869-8124

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file.  Requests <u>must be made in writing</u> to Sylvia **Bustos** and mailed to the address above or faxed to **(312) 869-8220**.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

\*      <u>Before filing a lawsuit,</u> **but within 90 days of your receipt of the Right to Sue, or**

\*      <u>After your lawsuit has been filed.</u>  **If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the first page of your court complaint reflecting the docket number.**

If you are the Respondent you may be granted access to the file <u>**only after**</u> **a lawsuit has been filed.  Include with your request a copy of the first page of the court complaint reflecting the docket number.**

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

Your request for access to your file will be acted upon no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted.  You may review the file in our offices and/or request that a copy of the file be sent to you.  Files may not be removed from the office.

Your file will be copied by **Aloha Document Services, 60 East Van Buren, Suite 1502, Chicago, IL 60606, (312) 542-1300.**   You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service.  Therefore, <u>it is recommended that you first review your file</u> to determine what documents, if any, you want copied.  EEOC cannot review your file or provide a count of the pages contained in it.  If you choose not to review your file, it will be sent <u>in its entirety</u> to the copy service, <u>and you will be responsible for the cost.</u>  Payment must be made directly to **Aloha Document Services.**

(revised 01/03/11)

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

## VOLUNTARY WITHDRAWAL REQUEST FORM

RESPONDENT:   Springfield Park District

COMPLAINANT:   Robert E. Ananias

I hereby request to withdraw my charge filed against the above named Respondent with the Illinois Department of Human Rights (2011SN1741) and the Federal Equal Employment Opportunity Commission (N/A).  Withdrawal is being made of my own free will, without pressure from any organization or individual.

If I am withdrawing this charge because I have reached a settlement with the Respondent, which has not been approved by both the Department and the Human Rights Commission, those agencies cannot enforce that settlement.

_Robert Ananias Sr._
Signature
_June 8, 2011_
Date

#6
02/01

STATE OF ILLINOIS          )
                           )  ss
COUNTY OF COOK             )                    FILE NO (S) <u>2011SN1741</u>

## <u>AFFIDAVIT OF SERVICE</u>

Donna M. Evans, being first duly sworn, on oath states that she served a copy of

the attached <u>ORDER OF CLOSURE</u> on each person named below by depositing same

this 17th day of June, 2011, in the U.S. Mail Box at 100 West Randolph Street, Chicago,

Illinois, 60601, properly posted for FIRST CLASS U.S. MAIL, addresses as follows:

_____

Robert E. Ananias                    George Petrilli
24 Longbow Lane                      Stratton, Giganti, Stone,
Springfield, IL  62704               Moran & Radkey
                                     725 South Fourth Street
                                     Springfield, IL  62703


                                     _Donna M. Evans_
                                     Donna M. Evans


Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

## VOLUNTARY WITHDRAWAL REQUEST FORM

RESPONDENT:     Springfield Park District

COMPLAINANT:    Robert E. Ananias

I hereby request to withdraw my charge filed against the above named Respondent with the

Illinois Department of Human Rights (2011SN1741) and the Federal Equal Employment

Opportunity Commission (N/A).  Withdrawal is being made of my own free will, without pressure

from any organization or individual.


If I am withdrawing this charge because I have reached a settlement with the Respondent,

which has not been approved by both the Department and the Human Rights Commission,

those agencies cannot enforce that settlement.

_Robert Ananias Sr._
Signature
_June 8, 2011_
Date

#6
02/01

STATE OF ILLINOIS     )
                      )  ss
COUNTY OF COOK        )                    FILE NO (S) <u>2011SN1741</u>

### AFFIDAVIT OF SERVICE

 Donna M. Evans, being first duly sworn, on oath states that she served a copy of

the attached <u>ORDER OF CLOSURE</u> on each person named below by depositing same

this 17th day of June, 2011, in the U.S. Mail Box at 100 West Randolph Street, Chicago,

Illinois, 60601, properly posted for FIRST CLASS U.S. MAIL, addresses as follows:

---

Robert E. Ananias                          George Petrilli
24 Longbow Lane                            Stratton, Giganti, Stone,
Springfield, IL  62704                     Moran & Radkey
                                           725 South Fourth Street
                                           Springfield, IL  62703


*Donna M. Evans*
Donna M. Evans


Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the
undersigned certifies that the statements set forth in this instrument are true and correct, except as to
matters therein stated to be on information and belief and as to such matters the undersigned certifies as
aforesaid that she verily believes the same to be true.

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:                  )
                                   )
ROBERT E. ANANIAS,                 )        CHARGE NO.  2011SN1741
                                   )        EEOC NO.  N/A
                   COMPLAINANT,    )
AND                                )
                                   )
                                   )
SPRINGFIELD PARK DISTRICT,         )
                                   )
                   RESPONDENT.     )

## ORDER OF CLOSURE

Charge Number  2011SN1741  having been filed with the Department of Human Rights

by Complainant against Respondent, and Complainant having submitted a written

request to withdraw the charge pursuant to the Department's Rules and Regulations;


NOW, THEREFORE, it is hereby ORDERED that Complainant's request to withdraw is

approved and that Complainant's charge(s) be and the same is (are) closed.


ENTERED THIS 17th DAY OF JUNE, 2011

                        DEPARTMENT OF HUMAN RIGHTS

                        BY: _____
                            Brent A. Harzman, Manager
                            Charge Processing Division

# CERTIFICATION OF HEALTH CARE PROVIDER
## (Family and Medical Leave Act of 1993)

1. Employee's Name:

2. Patient's Name (if different from employee):

3. Pages 3 & 4 describe what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition' qualify under any of the categories described? If so, please check the applicable category.

   ☑ 1. Hospital Care
   ❏ 2. Absence Plus Treatment
   ❏ 3. Pregnancy

   ❏ 4. Chronic Conditions Requiring Treatments
   ❏ 5. Permanent/Long-term Conditions Requiring Supervision
   ❏ 6. Multiple Treatments (Non-Chronic Conditions)

   ❏ None of the above

4. Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

   *He is severely depressed + hospitalized at this time (since today)*

5.a. State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity² if different):

   *prior to 3/2 · likely to last up to 6 months. He may recover enough to return to work in 1-2 mos.*

b. Will it be necessary for the employee to take work only intermittently or to work on a less than full schedule as a result of the condition (including for treatment described in Item 6 below)? ❏ Yes ❏ No

   If yes, give the probable duration: *possibly after discharge*

c. If the condition is a chronic condition (condition #4) or pregnancy, state whether the patient is presently incapacitated² and the likely duration and frequency of episodes of incapacity².

6.a. If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments: *he will need outpatient care 1-2 hrs/wk for ...*

   If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number of and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

---

' Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

² "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform any other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

---

© Copyright 1995, 1997—V.W. EIMICKE ASSOCIATES, INC., Bronxville, N.Y.
Tel. (914) 337-1900, Fax (914) 337-1723

Form FML-22
(Revised 3/95)

b. If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments:

*- He will probably see a counselor*

c. If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

*Medication*

7.a. If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind? ☑ Yes ☐ No

b. If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (the employee or the employer should supply you with information about the essential job functions)? ☐ Yes ☐ No  If yes, please list the essential functions the employee is unable to perform:

c. If neither a. nor b. applies, is it necessary for the employee to be absent from work for treatment? ☐ Yes ☐ No

8.a. If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety, or for transportation? ☐ Yes ☐ No

b. If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery? ☐ Yes ☐ No

c. If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:

_____   _____
(Signature of Health Care Provider)            (Type of Practice)

3225 Iedley Road                                (___) 726-7300
_____   _____
(Address)                                      (Telephone number)

Spfld IL 62711

---

**To be completed by the employee needing family leave to care for a family member:**

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:




_____        _____
(Employee signature)                            (date)

NOTE: This should be treated as a confidential medical record. As such, it should be kept separate from personnel records.

**KOKE MILL MEDICAL ASSOCIATES**
MEMORIAL PHYSICIAN NETWORK

3132 Old Jacksonville Road - Suite 200
Springfield, Illinois 62704-6487

Eric Bleyer, MD (862-0726)           Stanley Allen, MD (862-0725)
Lorie Bleyer, MD (862-0727)          Nicole Florence, MD (862-0730)
Steven Bowers, MD (862-0728)         David Sandercock, MD (862-0731)
Michael Comerford, MD (862-0729)     Cara Vasconcelles, MD (862-0732)

DEA#:_____

Date 5/2/7               DOB 2-22-61

Name Robt ANANIAS

R Suffering from
episode of depression/
ANXIETY and insomnia
related to social
Stressors

☐ Label
☐ Do Not Substitute

under our Medical
Therapy          m Conll MD

246-7    10/06/06

# VINE STREET CLINIC

RICHARD B. ALEXANDER, M.D.          FAREED TABATABAI, M.D.
LAURA K. SHEA, M.D.                 RODICA S. BRISAN, M.D.
                  RENEE COOK, D.O.

**3225** HEDLEY ROAD              PHONE: (217) 726-7300
P. O. BOX 13484                  FAX: (217) 726-5989
SPRINGFIELD, IL 62791-3484

NAME _Robert Ananias_  DATE _3/9/10._

℞  Pt seen today
Recommed lateral
job change if possible
can return 3/23/10

(  ) MAY SUBSTITUTE ___Fta_____ m.91l___ M.D.

(  ) MAY NOT SUBSTITUTE _____ M.D.

LABEL ALL MEDICATIONS

REFILL: 1  2  3  4  5  6  11 _____ N.R.



ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

May 31, 2011

Mr. Robert E. Ananias
24 Longbow Lane
Springfield, IL 62704

RE:    Charge Number:    2011SN1741
                               Robert E. Ananias vs. Springfield Park District

Dear Mr. Ananias:

The above charge, which you have filed with this Department, has been assigned to me for investigation.  It is imperative that you contact me immediately so that I can conduct a Complainant Interview.  Once you have contacted me, we will also discuss the procedures for the fact finding conference and your settlement proposal(s).

Please contact me at (217) 785-5107 between the hours of 8:00 a.m. and 5:00 p.m. Monday through Thursday.  If I am not available, please leave a telephone number where you can be reached during normal business hours.

As a reminder, please note that pursuant to the Department's Rules and Regulations, you are required to notify me immediately if your address or telephone number changes.  Failure to do so could result in the dismissal of your charge for failure to proceed.

Sincerely,

Leann Plummer
Investigator
Charge Processing Division
Department of Human Rights

#1
LP/yjt

100 West Randolph Street, J.R. Thompson Center, Suite 10-100, Chicago, Illinois 60601, 312-814-6200, 312-263-1579 (TDD),
Housing Line, 1-800-662-3942
222 South College Street, Room 101, Springfield, Illinois 62704, 217-785-5100, 217-785-5125 (TDD)
2309 West Main Street, Suite 112, Marion, Illinois 62959, 618-993-7463

# ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

### Medical Questionnaire

December 22, 2010

Dr.: _Fareed Tabatabai MD_

Address: _____

City: _____  State: _____  Zip: _____

Re:   Charge Number:   2011SN1741
       Complainant:       Robert E. Ananias
       Respondent:        Springfield Park District

Dear Medical Provider:

Your patient, (**_Robert E. Ananias_**), has filed a charge with the Department of Human Rights alleging that s/he has experienced unlawful discrimination because of the medical condition identified below.  Your patient has identified you as a source of information regarding the alleged condition and has authorized the Department to obtain this information from you (signed Consent for Inspection and Copying of Medical Information enclosed).  In order to help the Department determine whether the Complainant's alleged condition qualifies as a disability under the provisions of the Human Rights Act, please answer the following questions concerning <u>only</u> the alleged condition identified below:

**Alleged Medical Condition:**  *mental disability*

1.   **Relevant Date(s):**  (Insert date or _About 3/2/10 - Absent late 4/10_ through    )
     On what date was this condition first diagnosed by you? _____

     Who made the initial diagnosis? _3/2/10   inpatient (memorial)_

     Who is the treating physician? _Tabatabai MD_

2.   What was the clinical diagnosis on the relevant date(s) identified above? _Major Depression with work stressors._

3.   Please indicate whether the condition results from any of the following:
     (X) disease; ( ) injury; ( ) congenital condition of birth; or ( ) functional disorder.

     Please explain:

     _Work related stressors contributed to onset of depressive episode. Once moderately improved - returned to work but released_

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (217) 785-5125, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.state.il.us/dhr

4.    Is the condition determinable by recognized (clinical) or laboratory diagnostic techniques?
      Yes _X_ No ___    Please explain:

      Met criteria for depressive episode.

5.    Describe Complainant's symptoms and the severity and frequency of those symptoms
      on the relevant date(s).

      Symptoms severe enough to warrent
      admit to memorial Hospital.

6.    Was Complainant's condition significantly debilitating or disfiguring on the relevant
      date(s)?
      Yes _X_ No ___    Please explain:

      Admit Then outpt treatment
      during work leave —

7.    Is Complainant's condition transitory, that is, of temporary or brief duration? Yes ___
      No ___       He Improved but lost job/Insurance then
                   stopped his medication/follow up.
      (a.) If Complainant's condition is transitory, will Complainant have any permanent or
           long term lingering effects from his or her condition?

           but longer he goes without treatment   NO →
                        worse his prognosis.

      (b.) Is there a possibility that Complaint's condition can reoccur? Yes _X_ No ___
           If so, what is the likelihood of reoccurrence and what are the effects Complainant
           may have?

           high risk of recurrence.

8.    Is Complainant's condition insubstantial, that is, not great or remarkable in magnitude or
      degree? Yes __ No __X__

      Please explain:    Has Significant symptoms.

9.    During the last two years, did you restrict Complainant's on-the-job activities because of
      the alleged condition? Yes _X_ No ___

      If yes, please explain the restrictions and provide the date(s) of each:
      About 3/2/10 — to late 4/2010

10.   On what date did you last treat Complainant for this condition? __5/5/10__

11.   What is Complaint's prognosis?

      Guarded - but improving. I
      Spoke by phone to his boss
      on conditons for return and
      reasonable accomadation

Page 3 of 3

Has the prognosis changed significantly since the relevant date(s)?  Yes ____  No ☒

Please explain:

*Not seen since 5/2010 - I suspect he remains depressed without treatment.*

12.   If Complainant no longer has the condition, when did the symptoms cease?
_____  (?)

Please explain why:

13.   Do you have any additional comments related <u>only</u> to Complainant's condition which are the subject of this questionnaire?

Please provide the information requested below:                    *Vine Street Clinic*

Medical Provider signature: _____

Medical Provider name, printed: *Fareed Tabatabai MD*

Medical Provider address: *3225 Hedley Rd. Springfield*

Medical Provider telephone number: *776-7300*

Medical License number: *036-090433*

Date this form completed: *1/5/11*

Please return this completed form to:

Investigator Name
Human Rights Investigator
Illinois Department of Human Rights
222 South College Street, Room 101
Springfield, Illinois 62704
 (217) 785-5100

Please use this space for any additional comments you wish to make:

#10 B Disability Questionnaire
11/09

To whom it may concern,

I Robert Ananias write to you to tell my side of the events that happened at the Franklin P. Nelson Center.

My problem started with the hiring of George Tucker Jr.  for night supervisor. Within six months they made him building and grounds supervisor. At this time I was handling the ordering of maintenance supplies, pool supplies, and concession supplies. While being in charge of handling supplies as the foreman, I thought I had the opportunity to advance in the park district. While taking orders for supplies, and running union maintenance 3 workers one day I learned that Mr. Tucker had obtained the position of building and grounds supervisor, without the position being posted that it was open. When finding that out I started wondering why he got it after only being there a short period of time I came to find out that George's father and uncle were higher up in the park district to help "persuade" who gave George his promotion. After finding out I had depression, anxiety, and insomnia notes from the doctor dated 5/2/07 – 5/7/07 (exhibit 1). After being diagnosed with depression, anxiety, and insomnia I was let go from the Nelson Center. We went through arbitration; the arbitrator awarded me with my job back (exhibit 2). Within three months of being back at work at the Nelson Center George started writing me up, at which time I was felling they were retaliating against me for fighting to get my job back (exhibit 3). I find it very upsetting that after I started working in December of 1994 full time for the city recreational department  a merger took place in October of 2002 with the park district and in those 8 years I never was wrote up once by my boss at that time Larry Rockford. Then the merger took place and I began working at the Nelson Center as a foreman 1 working under Barry Woodworth who at that time was the Building and grounds supervisor I never had a write up, and I have been through three general managers Anne Libri, Steve Logue, and the present general manager Bruce Blanshan and my work ethic has been exemplary. Before George came to the Nelson Center I had never had a write up from any previous co worker / boss. One point in time I was accused of allegedly

stealing a bag of lays potato chips and got a write up for it, which raises the question of why he didn't say something to me when he had saw the potato chips in my bag and confront me at that moment. After getting so many write ups it made me worry about my job more and more which in turn made my depression and blood pressure even worse. I was also accused of threatening Jon Wentzel over a year ago, and then Chris weaver said that I threatened his life within the last couple of months. I was accused of these allegations in front of Roger Griffith business agent for the Ascme union 2050 and also local president Brian Schroder. George Tucker Jr. and Eric Aldrich conducted their own investigation.  I know that Justin Reichert and associate Bruce Stratton are legal council for the park district and was aware of the situations. Mike Stratton (executive director) over the park district he is also Bruce Stratton's son and Justin Reichert was aware to, of the lateral move that the doctor recommended because of my anxiety and stress from the position I was in as foreman II. I am also sending a settlement agreement and full release of claims against the park district that they wanted me to sign (exhibit 4).

Thank you for your time

Sincerely,


Robert Ananias Sr.

Roger,

If you follow through with your investigation, I would appreciate it if you would talk to john grey. When you talk to him ask him about when john and I were putting up the tarp over the outside concession area. John should say that George Tucker would come out every so often and wonder why we weren't done yet.

Jason Minder would leave tools out frequently and write-ups were never issued. He was told numerous times by me, Gary Bloom, John Wentzel, and George Tucker. There were also numerous times Jason would not clean locker rooms, and when George Tucker would find out he would tell me or Gary to go clean them- therefore we were all doing Minder's work.

The write-up about stealing a bag of potato chips was false. George said he saw the potato chip bag in my lunch bag. If that were the case why didn't George say anything to me at that time? Instead George waited over 10 days to fill out a write-up for stealing.

The incident about letting the pool chlorine run out was George yelling at me and saying we are going to have a meeting about what happened. The chlorine ran out Friday night which was a shift I was not working. I came in Saturday morning and the chlorine was out. It ran out even though we had 2 brand new 160 gallon chlorine tanks that were off to the side not hooked up.

The tardiness was a couple of times I forgot to clock in due to a problem that was happening when I arrived at the nelson center. Whether it was fixing something or cleaning up a mess or helping a customer. At our meeting with the business agent and head people for the park district, the business agent said that an average person would not be able to perform to the best of their abilities with going through everything I had gone through.

Everything I went through at the Nelson Center while working there did not help my blood pressure, sleep apnea, or depression. My son wanted to live with me to finish out his senior year in Springfield, so I asked my boss George Tucker if I could switch to days so I could be home for my son after school and didn't have to worry about what he was doing all the time. George said that it would completely mess up the schedule so no. After talking to George I went to his boss Bruce Blanshan to see if he could help me with my request, he said talk to George.

I tried to do a lateral move through Brian Schroeder of the local union. I was not able to move to a different venue. The reason why is cause no one wanted to work for George Tucker Jr. or his dad for that matter. I also applied at the new park that opened called south wind, just to try to move. I applied for many positions over there and did not get an interview. Even when at a meeting I asked if I could move down from the foreman position to a regular maintenance position just to get away from some of the stress. I was even willing to take a pay cut in order to keep my well being. I worked for the city for 14 years without a write-up before the merge and once I started working for George Tucker I started getting write-ups like crazy.

There was also an incident that occurred that I threatened to kill 2 people. There was no police report made no official documentation. They also fired me when I was injured which is something I thought you couldn't do.

I was suspended for about a year and when I was getting ready to return the park district made me sign a paper about how they do not have to pay in my retirement fund the whole time I was suspended. When I brought it up in my last meeting right before I was fired they said they had no record of the paper I signed.