UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT ANANIAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3274 |
| | ) | |
| MIKE STRATTON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendant Mike Stratton's Combined Motion to Dismiss and Affirmative Defenses (Motion to Dismiss) (d/e 10). Because Plaintiff's Complaint is untimely, Defendant's Motion to Dismiss is GRANTED

### I. BACKGROUND

Plaintiff Robert Ananias's Complaint was prepared using this District's form for a "Pro Se Complaint Against Employment Discrimination, Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5." Very liberally construed, Plaintiff's Complaint alleges he was discharged from his employment in violation of the Americans with Disabilities Act. 42 U.S.C. §§ 12101 *et seq.* (ADA). Because this Court concludes Plaintiff's Complaint must be dismissed because it is

untimely, the Court will discuss only the facts necessary to support its conclusion.

Plaintiff attached to his complaint the Equal Employment Opportunity Commission (EEOC) Dismissal and Notice of Rights (right-to-sue letter), which indicated the right-to-sue letter was mailed on April 18, 2011. The right-to-sue letter also contained the United States Postal Service tracking number for the letter. The tracking number was 7010 3090 0001 5505 5474. The United States Postal Service's website indicates that the letter was delivered on April 26, 2011. On August 8, 2011, Plaintiff his pro se Complaint.[1]

## II. JURISDICTION AND VENUE

The federal questions posed by Plaintiff's claim give this Court subject-matter jurisdiction. See 28 U.S.C. §1331. Personal jurisdiction and venue requirements are satisfied because the relevant acts occurred in this judicial district. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposefully avail[ed] [himself or herself] of the privilege of conducting activities" in the forum state); see 28 U.S.C. §1391(b) (venue in non-diversity cases is proper in a judicial district where any defendant resides, if all defendants reside in the same State).

---

[1] While Plaintiff filed the Complaint on August 8, 2010, he signed the Complaint on July 30, 2011.

III. ANALYSIS

A. Legal Standard

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940 (2007). This means that: (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests'" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d at 940. Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009). "In ruling on Rule 12(b)(6) motions, the court must treat

all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

B. Plaintiff's Complaint is Untimely

The ADA has the same charge-filing requirements and enforcement mechanisms of Title VII. See 42 U.S.C. § 12117(a). Title VII, and therefore the ADA, requires a plaintiff to file a civil action within 90 days of receiving a right to sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). "[T]he 90-day period does not start running until the claimant (or her agent) actually receives the right-to-sue letter from the EEOC." DeTata v. Rollprint Packaging Products, Inc., 632 F.3d 962, 967 (7th Cir. 2011). "The actual notice rule, however, will not protect plaintiffs who do not receive actual notice of the right-to-sue letter through their own fault." Saunders v. American Warehousing Services, Inc., 2003 WL 21266652, at *2 (N.D. Ill. 2003) (citing Bobbitt v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001)). "[U]nless proven otherwise, the receipt date is presumed to be five days from the mailing date." Lloyd v. Sullivan, 882 F.2d 218 (7th Cir. 1989). "The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal." Davis v. Browner, 113 F.Supp.2d 1223, 1225 (N.D. Ill. 2000).

Here, Defendant filed a motion to dismiss with one of the grounds being

that Plaintiff did not file his Complaint within 90 days of receiving the EEOC right-to-sue letter. As stated, the right-to-sue letter indicates it was mailed to Plaintiff on April 18, 2011. Applying the presumption in Lloyd, Plaintiff received the right-to-sue letter five days later, or April 23, 2011. Plaintiff's response to the motion to dismiss did not address Defendant's argument that Plaintiff's Complaint was untimely or argue that Plaintiff did not receive the right-to-sue letter on April 23, 2011.

"Attachments to the complaint become a part of the complaint, and the court may consider those documents in ruling on a motion to dismiss." Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004). Plaintiff attached the right-to-sue letter he received from the EEOC to his Complaint. The right-to-sue letter reflected that is was sent by certified mail and that the tracking number assigned to it was 7010 3090 0001 5505 5474. The Court then went to the United States Postal Service's website and entered the tracking number, which revealed that the right-to-sue letter was delivered on April 26, 2011. See Brown v. Northwestern University, 2011 WL 6152889, at *1 (N.D. Ill. 2011) ("The court may take judicial notice of the information on a government website, because it is 'not subject to reasonable dispute' and is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid.

201(b)); see also Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 693 (7th Cir. 2003) (stating the attorneys for the parties involved should have done as the court did and used the Internet to check Illinois and Missouri databases of corporations).  Plaintiff's Complaint was not filed until August 8, 2011, which is 105 days after receipt of the right-to-sue letter.  Plaintiff's Complaint was not filed within the 90-day time period set forth in 42 U.S.C. § 2000e-5(f)(1) and, therefore, is untimely.

### III. CONCLUSION

THEREFORE, Defendant's Motion to Dismiss (d/e 10) is GRANTED.

IT IS SO ORDERED.

ENTER: April 23, 2012.

FOR THE COURT:

                                      s/ Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                                      United States District Judge